**KEKIC et, Plaintiffs, v. LINZELL, Director of Highways, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 681764. Decided June 6, 1956.

Halle, Haber, Berick & McNulty, Cleveland, David A. Kaufman, of Counsel, Stephen W. Kormendy, Cleveland, for plaintiffs.

C. William O'Neill, Atty. Genl., Hugh E. Kirkwood, Ass't. Atty. Genl., Columbus, for defendants.

## OPINION

By HANNA, J.

This is an action brought by the plaintiffs as owners of real estate situated at the southeast corner of the intersection of St. Clair Avenue with East 30th Street in the City of Cleveland, seeking to enjoin the

Director of Highways from appropriating this real estate and demolishing the buildings thereon incident to the construction of State Route U. S. 42R, more popularly known as the Inner Belt Freeway.

The use which the Director of Highways proposes to make of plaintiffs' premises is a temporary one, the buildings to be demolished and the land used as a detour road until the completion of State Route U. S. 42R at this point, at which time possession of the land will be returned to plaintiffs.

The power of eminent domain is an incident of sovereignty and its exercise for the purpose of building roads is traceable in history at least to the days of the Roman Empire. But when the right of eminent domain is given it is a delegated right and its exercise is limited to the purpose for which it is conferred.

We are not unmindful of the fact that in the present instance it is proposed to demolish buildings owned by plaintiffs, who by hard work and frugal living have acquired this income-producing property to provide for their needs in the sunset of their lives. The possibility that the plaintiffs may not adequately be compensated in a condemnation proceeding serves to remind us of the well settled rule of law that statutes under which the right to appropriate is sought to be invoked must be strictly construed.

It is the contention of the plaintiffs that since the sole use of the property will be to provide a detour road for St. Clair Avenue traffic during the construction of a bridge spanning the Freeway at St. Clair Avenue, the defendant is without authority to make such appropriation, since this portion of St. Clair Avenue is not a part of the State Highway system. It is the contention of the Director that both the bridge and the detour road are incident to the construction of the Freeway and such authority to appropriate is conferred on him by §§5501.11 and 5511.02 R. C.

It is also urged by the plaintiffs that the Inner Belt Freeway as planned would traverse the line of St. Clair Avenue below the St. Clair street level and that to conform to such plan it would be necessary to construct an underpass or grade separation. This, they say, would eliminate crossing at grade on a highway, no authority for which exists as to state highways save that provided in Chapter 5523 R. C. We do not consider the proposed construction to be such a separation of traffic at grade as comes within the purview of Chapter 5523 R. C., and shall forego a discussion of the Chapter's provisions as not germane to the issues herein presented.

However, an analysis of §§5501.12 and 5511.02 R. C., is necessary to a determination of the issues. Sec. 5501.12 R. C. (Duties and Powers of the Director of Highways) is five paragraphs in length but the pertinent parts of it read:

"The Director may purchase or appropriate property necessary for * * * or any other highway improvement and may purchase or appropriate for such length of time as is necessary and desirable, such additional property as is required for the construction and maintenance of * * * detour roads * * * incident to any highway improvements which he is or may be authorized to locate or construct."

Sec. 5511.02 R. C. (Limited Access Highways or Freeways) provides, inter alia:

"The director of highways may lay out, establish, acquire, open, construct * * * 'limited access highways' or 'freeways' in the same manner in which the director may lay out, establish, acquire, open, construct * * * highways. **The director shall have all additional authority relative to such 'limited access highways' or 'freeways' as he possesses relative to highways * * *.**" (Emphasis added.)

The plaintiffs reason that if St. Clair Avenue were a state highway and construction of a state bridge along its route the purpose of the appropriation, and if the detour road were required as incident to such construction, no injunction would lie in their favor, because the appropriation would be one authorized by §5501.12 R. C. But because St. Clair Avenue is not a state highway they urge that the state cannot exercise eminent domain over property needed for or incident to the construction of such bridge and they are entitled to the protection of this court against the unlawful attempt to appropriate their property.

So far as the record shows, St. Clair Avenue would continue to serve as an east-west traffic artery without a bridge at this point were it not for the proposed Inner Belt Freeway construction. It must then be held that the bridge is incident to the construction of State Route U. S. 42R, and the detour road over plaintiffs' property also incident to it.

To determine if the Director of Highways has the right to appropriate plaintiffs' property for such length of time as is necessary or desirable, we must look to the language of the statute relating to Freeways as part of the state highway system (§5511.02 R. C.), and the language of §5501.11 R. C., the statute conferring on the Director power to appropriate property necessary for the location or construction of highways.

Clearly these statutes are in pari materia and should be construed together since both deal with the Highway Director and with highways in the state system, and may be considered as having a common subject, policy and spirit, to-wit: A better state highway system.

It is conceded that the Director may appropriate property needed for highway purposes under §5501.11 R. C. This Court is of the view that when the General Assembly adopted §5511.02 R. C., and in its provisions gave the Director "all additional authority relative to such 'limited access highways' or 'freeways' as he possesses relative to highways," it brought within the scope of his duties and powers the right to appropriate property necessary for detour roads incident to the construction of a limited access highway. Otherwise, the language "additional authority * * * as he possesses relative to highways" must be given a strained construction or held to be meaningless.

Familiar rules of statutory construction require that we ascribe to the lawmaking body an intent that its legislative efforts be not in vain. We must also indulge the presumption that it used the language contained in the statute advisedly and intelligently. Admittedly, the legislature could have repeated all of the verbiage used in other statutes by which authority relative to highways is given to the Director. Its critics might then accuse it of needless tautology. But it chose to refer to the authority rather than restate or enumerate the provisions con-

ferring it, a not-uncommon practice among legislative bodies. In trying to be brief, we do not feel that the lawmakers became obscure.

Perhaps it would have made the question easier of determination had the draftmanship of §5511.02 R. C., been as thorough, as explicit, and as detailed as Chapter 5537 R. C., dealing with the Turnpike Commission. But such is a rarity as the author points out in 37 O. Jur., at page 510:

"Although statutes are seldom written in such precise or categorical terms as point out inclusively and exclusively all their intended applications, the presumption is that language has been employed with sufficient preciseness to disclose the intent. Accordingly the province of construction is to arrive at the true sense of the language of the act."

Construing §5511.02 and 5501.11 R. C., together, logic supports the conclusion that the Director may appropriate property necessary for the location or construction of a limited access highway in the same manner as he may for any other highway improvement, and may in like manner purchase or appropriate for such length of time as is necessary and desirable such additional property as is required for the construction and maintenance of detour roads incident to the location or construction of such limited access highway.

The Supreme Court of Ohio has frequently upheld the right of the Director to use discretion as to the manner in which he shall exercise the authority and power conferred upon him by statute. The most recent of its pronouncements on this subject is found in Rothwell v. Linzell, 163 Oh St 517.

There is credible evidence before the Court as to the volume and nature of traffic on St. Clair Avenue, and as to the characteristics of streets in the vicinity of East 30th Street and St. Clair Avenue. There is credible evidence before the Court that it is sound from an engineering standpoint, and proper constructional procedure to locate the detour road on the south side of St. Clair Avenue, rather than the north side. The Director's decision to so locate it does not appear to the Court to be an abuse of discretion vested in him by law, but contrariwise, a reasonable exercise of it.

It is the opinion of the Court that the acts contemplated by the Director and the appropriation action instituted by him in pursuance thereof are not in violation of the provisions of Article I, Section 19 of the Constitution of Ohio that:

"private property shall ever be held inviolate but subservient to the public welfare * * *."

To the extent that plaintiffs' rights will suffer interference, it will be because of a lawful taking for public use.

The law contemplated that the plaintiffs will be fully compensated. We trust that they will be. It is apprehension that they may not be fully compensated, which makes unpleasant the duty of deciding adversely to them. But, under the law and the evidence as we view it, this Court is impelled to conclude that the plaintiffs are not entitled to an order enjoining the Highway Director from proceeding in the appropriation action instituted in this court.